Filed 11/1/13  P. v. Keene CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA JUSTIN KEENE,<br><br>Defendant and Appellant. | F065512<br><br>(Super. Ct. No. RF6312A)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Alison E. Kaylor, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Detjen, J. and Peña, J.

Appellant, Joshua Justin Keene, pled no contest to petty theft with a prior (Pen. Code, § 666). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 4, 2011, Cindy McWhorter, a manager at a Wal-Mart store in Ridgecrest, saw Keene take an iPhone 3G from a store display counter.

On September 5, 2011, McWhorter called the police after seeing Keene in the store again. Two officers soon arrived at the store and contacted Keene as he sat on a bench. Keene told the officers he was there to return a phone that was not working properly. An officer ran a check on Keene and discovered Keene was on parole for burglary. After one of the officers reviewed the surveillance video from the previous day, he informed Keene that he believed Keene was the same subject who took an iPhone from the display counter because Keene was wearing the same clothes. When the officers showed Keene the video, Keene stated he did not remember taking the phone but he may have done so by accident.

On June 11, 2012, the district attorney filed an information charging Keene with petty theft with a prior (count 1) and three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

On June 19, 2012, Keene entered his plea to the petty theft with a prior conviction in exchange for a stipulated low term of 16 months and the dismissal of the three prior prison term enhancements.

On July 17, 2012, after Keene waived presentence custody credit for time he served on a related parole violation, the court denied Keene probation and sentenced him to a 16-month term in local custody.

Keene's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the

2

record.  (*Wende*, *supra*, 25 Cal.3d 436.)  Keene has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.